ROSEMARY M. RIVAS (SBN 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294
*Attorney for Plaintiff Felix Mendoza*
*and the Proposed Class*

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX MENDOZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GIGPEAK, INC., AVI KATZ, NEIL J. MIOTTO, KIMBERLY D.C. TRAPP, JOSEPH J. LAZZARA, JOHN J. MIKULSKY, AND FRANK W. SCHNEIDER,<br><br>Defendants. | Case No. 3:17-CV-1351-WHO<br><br>CLASS ACTION<br><br>**STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Judge: William H. Orrick III |

**STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

WHEREAS, on February 13, 2017, GigPeak, Inc. ("GigPeak" or the "Company") and Integrated Device Technology, Inc. ("Parent") announced that they had entered into an Agreement and Plan of Merger (the "Merger Agreement"), dated as of February 13, 2017, among GigPeak, Parent, and Parent's wholly-owned subsidiary, Glider Merger Sub, Inc. ("Merger Sub," and together with Parent, "IDT") pursuant to which Merger Sub would acquire all of the outstanding shares of GigPeak and GigPeak stockholders would receive $3.08 per share of GigPeak common stock (the "Transaction");

- 1 -
STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL
OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:17-CV-1351-WHO

WHEREAS, under the Merger Agreement, IDT was obligated to commence the Offer within 15 business days after the date of the Merger Agreement. The Offer was commenced on March 7, 2017 and was scheduled to expire at midnight on April 3, 2017;

WHEREAS, on March 7, GigPeak filed a Recommendation Statement on a Schedule 14D-9 (the "Recommendation Statement") with the SEC. Among other things, the Recommendation Statement (i) summarized the Merger Agreement, (ii) provided an account of the events leading up to the execution of the Merger Agreement, (iii) stated that the GigPeak's board of directors determined that the Transaction was in the best interests of GigPeak's stockholders and recommended that the Company's stockholders tender into the Tender Offer, and (iv) summarized the valuation analyses and fairness opinions by Cowen & Company, LLC ("Cowen") and Needham and Company, LLC ("Needham"), the financial advisors to GigPeak;

WHEREAS, on March 13, 2017, plaintiff Felix Mendoza ("Plaintiff") filed a purported class action lawsuit in the District Court for the Northern District of California, on behalf of himself and other public stockholders of GigPeak, challenging the adequacy of the disclosures made in the Recommendation Statement, captioned: *Mendoza v. GigPeak, Inc., et al.*, Case No. 17-cv-01351 (the "Mendoza Action");

WHEREAS, this lawsuit alleged, among other things, that Defendants GigPeak, Inc., Avi Katz, Neil J. Miotto, Kimberly D.C. Trapp, Joseph J. Lazzara, John J. Mikulsky, and Frank W. Schneider, (collectively, the "Defendants") committed disclosure violations under Sections 14(d)(4), 14(e) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), and Rule 14d-9 promulgated thereunder;

STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL
OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:17-CV-1351-WHO

WHEREAS, after negotiations between the parties, on March 24, 2017, GigPeak filed Amendment No. 5 to the Recommendation Statement with the SEC containing supplemental disclosures to the Recommendation Statement (the "Supplemental Disclosures");

WHEREAS, at one minute following 11:59 P.M. (12:00 midnight) New York City time, on Monday, April 3, 2017, the Tender Offer for GigPeak common stock expired and IDT successfully completed its acquisition of the Company;

WHEREAS, Plaintiff agrees that as a result of the filing of the Supplemental Disclosures, the disclosure issues related to the Proposed Transaction identified in the complaint have become moot;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee;

WHEREAS, Plaintiff's Counsel believes they may assert a claim for a fee in connection with the prosecution of the Action and the issuance of the Supplemental Disclosure, and have informed Defendants of their intention to petition the Court for such a fee if their claim cannot be resolved through negotiations between counsel for Plaintiff and Defendants (the "Fee Application");

WHEREAS, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee Application; and

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties:

- 3 -
STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:17-CV-1351-WHO

1. Plaintiff hereby agrees to voluntarily dismiss the Action pursuant to Fed. R. Civ. P. 41(a)(1);

2. Because the dismissal is as to the named Plaintiff only and has no effect upon the putative class, and because no consideration or compensation has been given or promised to Plaintiff or their counsel, no notice of this dismissal is required to the putative class;

3. This Court retains continuing jurisdiction over the parties in the Action solely for purposes of further proceedings related to the adjudication of Plaintiff's petition for an award of attorneys' fees and expenses. If the parties reach an agreement to compromise and resolve the petition for attorneys' fees and expenses, they will notify the Court. Upon such notification, the Court will close the Action. If no agreement can be reached, Plaintiff will file a petition for such fees and expenses by no later than April 28, 2017; and

4. This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiff or Defendants in support of or in opposition to any claim by Plaintiff for attorneys' fees and expenses.

DATED: April 6, 2017

**LEVI & KORSINSKY LLP**

By: /s/ *Rosemary M. Rivas*
    Rosemary M. Rivas

44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294
rrivas@zlk.com

- 4 -
STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL
OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:17-CV-1351-WHO

Donald J. Enright
Elizabeth K. Tripodi
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567
denright@zlk.com
etripodi@zlk.com

*Attorneys for Plaintiff Felix Mendoza*

DATED: April 6, 2017

**CROWELL MORING**

By: */s/ Michelle Gillette*
Michelle Gillette
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
mgillette@crowell.com

*Attorneys for Defendants GigPeak, Inc., Avi Katz, Neil J. Miotto, Kimberly D.C. Trapp, Joseph Lazzara, John Mikulsky, and Frank W. Schneider*

FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories.

/s/ *Rosemary M. Rivas*
Rosemary M. Rivas

- 5 -
STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:17-CV-1351-WHO

**ORDER**

Based on the foregoing stipulation and good cause being shown, the Court hereby GRANTS the parties' Stipulation. The Court hereby orders as follows:

1. The Action is hereby dismissed with prejudice as to Plaintiff only, and without prejudice as to any other member of the putative class.

2. No notice of this dismissal is required to the putative class.

3. This Court retains continuing jurisdiction over the parties in the Action solely for purposes of further proceedings related to the adjudication of Plaintiff's anticipated application for an award of attorneys' fees and expenses.

4. Plaintiff shall file his petition for an award of attorneys' fees and expenses by no later than April 28, 2017.

**SO ORDERED** this 7th day of April, 2017

_____
Honorable William H. Orrick III
United States District Court Judge

STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:17-CV-1351-WHO